# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENETTA M., as Heir and Representative of the Estate of Kenneth Edward M.,[1]<br><br>   Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>   Defendant. | Case No.: 3:25-cv-01770-VET<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**<br><br>[Doc. No. 3] |

On July 10, 2025, Plaintiff Kenneta M. ("Plaintiff") filed this action, seeking judicial review of Commissioner Frank Bisignano's final administrative decision denying Kenneth Edward M.'s application for disability insurance benefits. Doc. No. 1. Before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs under 28 U.S.C. § 1915. Doc. No. 3 ("IFP Application"). For the reasons stated below, the Court **DENIES** the IFP Application.

/ / /

/ / /

/ / /

---

[1]   Partially redacted in compliance with Civil Local Rule 7.1(e)(6)(b).

## I.  LEGAL STANDARD

Except for writ of habeas corpus applications, all parties instituting a civil action, suit, or proceeding in a United States district court must pay a filing fee of $405.[2] *See* 28 U.S.C. § 1914(a). An action may proceed without paying the filing fee only if the party is granted *in forma pauperis* ("IFP") status pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

To proceed IFP, an applicant does not need to be "absolutely destitute" but must adequately prove their indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To that end, an applicant must provide the Court with a signed affidavit "that includes a statement of all assets which shows inability to pay initial fees or give security." CivLR 3.2.a. The affidavit proving indigence should allege "that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339); *see also Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) (an adequate affidavit should state supporting facts "with some particularity, definiteness and certainty"). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235. Consequently, courts must evaluate IFP requests on a case-by-case basis. *See id.* at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income"); *see also Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"), *rev'd on*

---

[2]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); *see also* U. S. COURTS, DISTRICT COURT MISCELLANEOUS FEE SCHEDULE § 14 (effective Dec. 1, 2023), available at https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

*other grounds*, 506 U.S. 194 (1993); *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974).

## II. DISCUSSION

Plaintiff's IFP Application does not demonstrate that she is unable to pay the filing fee and still afford the necessities of life. Specifically, Plaintiff does not have a spouse and works two jobs to pay for living expenses. Doc. No. 3 at 2, 5. Plaintiff's average monthly income for the past 12 months (July 2024 to July 2025) was $4,692.00. *Id.* at 2. Additionally, Plaintiff expected her monthly income for the month of August 2025 to remain the same, *i.e.*, $4,692.00. *Id.* at 2. Plaintiff has $85.00 in a checking account and lists a 2016 Hyundai Veloster, with an estimated value of $2,617.00 to $10,001.00, as her only asset. *Id.* at 2–3. Plaintiff's monthly expenses total $3,829.00,[3] and include, among other items, $2,065.00 for rent and utilities and $350.00 for food. *Id.* at 4–5. Plaintiff does not expect any major changes to her monthly income, expenses, assets, or liabilities in the next 12 months. *Id.* at 5. Thus, after deducting monthly expenses, Plaintiff has an excess of approximately $863.00 per month.

Under these circumstances, pursuant to 28 U.S.C. § 1915(a), the Court finds that Plaintiff's income is sufficient to pay the one-time filing fee of $405 and still afford the necessities of life. *See Segobia v. Saul*, No. 19-CV-1661-NLS, 2019 U.S. Dist. LEXIS 156170, at *6 (S.D. Cal. Sept. 12, 2019) (denying plaintiff's in forma pauperis motion where his monthly income exceeded his monthly expenses by $600); *Riegel v. Colvin*, No. 15-CV-1342-W-MDD, 2015 U.S. Dist. LEXIS 102117, at *4–5 (S.D. Cal. Aug. 4, 2015) (denying plaintiff's in forma pauperis motion where she had "a net-positive monthly household source of money of approximately $170.00"); *Ford v. Midland Funding LLC*,

---

[3] The IFP Application lists "$2008" as Plaintiff's average monthly "clothing" expense. Doc. No. 3 at 4. Considering that Plaintiff represents her total monthly expenses to be $3,829.00, the clothing expense figure appears to be a typographical error and, based on the Court's calculations, Plaintiff's monthly clothing expense is likely $208 and not "$2008."

1  No. 9-CV-2349-JLS-AGS, 2020 U.S. Dist. LEXIS 55036, at *2–3 (S.D. Cal. Mar. 30,
2  2020) (denying motion to proceed in forma pauperis where plaintiff's gross monthly
3  income was $2,700 and monthly expenses were $2,700, including a monthly clothing
4  budget of $600).

## III.   CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's IFP Application. On or before **October 9, 2025**, Plaintiff must pay the requisite filing fee, otherwise the case may be dismissed.

**IT IS SO ORDERED.**

Dated: September 9, 2025

_____
Honorable Valerie E. Torres
United States Magistrate Judge